UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL GRIFFIN, WALTER CONNELLY,

        Plaintiffs,

vs

CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS,

        Defendants.
-----------------------------------------------------------X

08 CIV. 0877

**COMPLAINT**

**JURY TRIAL DEMANDED**

**JUDGE KARAS**

By and through their counsel, SUSSMAN & WATKINS, plaintiffs complain of defendant as follows:

## I. INTRODUCTION

1. Plaintiffs Daniel Griffin and Walter Connelly bring suit to redress the violation of their rights under federal and state civil rights laws.

## II. PARTIES

2. Plaintiffs reside in the County of Orange, State of New York, within this judicial district.

3. Defendant Cellco Partnership, d/b/a Verizon Wireless, is headquartered in New Jersey and does business in the state of New York, including within this judicial district. At the time their claims arose, plaintiffs were employed at Verizon Wireless stores in Orange County, New York, within this judicial district.



-1-

## II. JURISDICTION

4. This Honorable Court has jurisdiction over this action pursuant to 42 U.S.C §§ 1981, 1985 and 1988, and as the state law claims arise from the same nucleus of operative facts as the federal claims, this Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

## III. FACTUAL AVERMENTS

5. Plaintiffs were both employed by defendant as sales representatives.

6. While employed by defendant at its Verizon Wireless store in Middletown, New York, both plaintiffs observed various incidents of racially discriminatory conduct and comments.

7. In or about late January and/or early February 2005, both plaintiffs were questioned by Verizon representatives regarding claims of race discrimination brought by a co-worker who was employed in the Middletown store by Solectron, Inc., a company whose employees provided technical support for Verizon's customers. When plaintiffs were so questioned by Verizon's representatives, the Solectron worker's claims of race discrimination were pending in a lawsuit in federal court in which Verizon was named as a defendant.

8. When questioned, both plaintiffs truthfully provided information which supported the Solectron employee's claims of discrimination and which was detrimental to Verizon's position.

9. In mid-February 2005, almost immediately after plaintiffs provided this information, Verizon fired them both, claiming that each had engaged in acts of misconduct.

10. Defendant's stated reasons for plaintiffs' terminations were not the real reasons and were offered to mask the real reasons, which were (1) to punish plaintiffs for providing information which supported claims of racial discrimination against Verizon; (2) to allow Verizon to argue later that plaintiffs were merely "disgruntled employees" who had been fired for

wrongdoing in an effort to undercut the impact of their adverse testimony as witnesses; and (3) to intimidate plaintiffs and to send a message to other Verizon employees – potential witnesses in the Solectron employee's lawsuit – that telling the truth regarding their observations of discriminatory conduct and comments in the Verizon store would not be in their best interests.

11. Defendant's unlawful actions caused plaintiffs' damages, including but not limited to lost back and front pay, lost and/or diminished professional opportunities, and past and future emotional and physical distress.

12. Defendant's actions were malicious and/or wanton and need to be punished and deterred.

### IV.    CAUSES OF ACTION

13. Plaintiff incorporates paras. 1-12 as if fully restated herein.

14. By dint of the foregoing, defendant violated plaintiffs' rights under 42 U.S.C. § 1981, 42 U.S.C. § 1985(2) and the New York Human Rights Law, Executive Law § 296(3-a)(c).

### V.    PRAYER FOR RELIEF

15. WHEREFORE, plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to plaintiffs compensatory damages, including damages for lost pay and benefits and past and future emotional and physical distress;

(c) award to plaintiffs punitive damages against the individual defendants for their egregious violations of plaintiffs' rights which must be punished and/or deterred;

(d) award to plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. section 1988, and

(e) enter any other relief justified by the law and facts.

Dated: January 18, 2008
       Goshen, New York

                          Respectfully submitted,

                          Christopher D. Watkins (CW 2240)
                          SUSSMAN & WATKINS
                          P0 Box 1005
                          40 Park Place
                          Goshen, New York 10924
                          (845) 294-3991
                          *Attorneys for Plaintiff*