UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL GRIFFIN, WALTER CONNELLY,<br><br>                Plaintiffs,<br><br>      vs.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>                Defendant. | Index No. 08 Civ. 0877 (KMK)<br><br>**ANSWER** |

       Defendant Cellco Partnership d/b/a Verizon Wireless (hereinafter "Defendant" or "Verizon Wireless"), by its attorneys, Kauff McClain & McGuire LLP, as and for its Answer to the Complaint filed by Plaintiffs Daniel Griffin and Walter Connelly, admits, denies and avers as follows:

I. **INTRODUCTION**

      1.    Defendant Verizon Wireless denies the truth of the allegations in paragraph 1 of the Complaint.

II. **PARTIES**

      2.    Defendant Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

      3.    Defendant Verizon Wireless admits the allegations in paragraph 3 of the Complaint.

II. [sic] **JURISDICTION**

      4.    To the extent paragraph 4 of the Complaint may be deemed to set forth any allegations of fact, Defendant Verizon Wireless denies those allegations.

### III. **FACTUAL AVERMENTS**

5. Defendant Verizon Wireless admits the allegations in paragraph 5 of the Complaint.

6. Defendant Verizon Wireless denies the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant Verizon Wireless admits the allegations in paragraph 7 of the Complaint, except denies that Plaintiffs were questioned by "Verizon" representatives and avers that Plaintiffs were questioned by Verizon Wireless representatives.

8. Defendant Verizon Wireless denies the truth of the allegations in paragraph 8 of the Complaint, and avers that the communications by Plaintiffs to Verizon Wireless were protected from disclosure by the attorney-client privilege.

9. Defendant Verizon Wireless denies the truth of the allegations in paragraph 9 of the Complaint, and avers that the employment of each Plaintiff by Verizon Wireless was terminated in February 2005 for engaging in acts of misconduct.

10. Defendant Verizon Wireless denies the truth of the allegations in paragraph 10 of the Complaint.

11. Defendant Verizon Wireless denies the truth of the allegations in paragraph 11 of the Complaint.

12. Defendant Verizon Wireless denies the truth of the allegations in paragraph 12 of the Complaint.

### IV. **CAUSES OF ACTION**

13. Defendant Verizon Wireless repeats and realleges its responses to each and every allegation in paragraphs 1 to 12 of the Complaint as if fully set forth in this paragraph, and denies the allegations in paragraph 13 of the Complaint.

14. Defendant Verizon Wireless denies the truth of the allegations in paragraph 14 of the Complaint.

V. **PRAYER FOR RELIEF**

15. Defendant Verizon Wireless denies the truth of the allegations in paragraph 15 of the Complaint, and specifically denies that Plaintiff is entitled to any of the relief prayed for therein.

### DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

All actions taken by Defendant Verizon Wireless with respect to Plaintiffs were for valid, legitimate, nondiscriminatory and nonretaliatory business reasons and in good faith compliance with all applicable laws.

### FOURTH DEFENSE

Plaintiffs were not retaliated against.

### FIFTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages, any entitlement to which is expressly denied.

## SIXTH DEFENSE

The applicable law does not entitle Plaintiffs to punitive damages as to some or all of their claims.

## SEVENTH DEFENSE

The Complaint is barred, in whole or in part, by such additional defenses as Defendant Verizon Wireless may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant Verizon Wireless reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

Dated: New York, New York.
       March 4, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: _____
Harlan J. Silverstein (HJS-4114)
Lisa E. Dayan (LD-4491)

950 Third Avenue
Fourteenth Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendant
Cellco Partnership, d/b/a Verizon Wireless